IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 1:18CR60

DAMIEN S. PINCKNEY




**TRANSCRIPT OF PLEA HEARING**



BEFORE THE HONORABLE HALIL S. OZERDEN
UNITED STATES DISTRICT JUDGE

MAY 4, 2018
GULFPORT, MISSISSIPPI

APPEARANCES:



FOR THE GOVERNMENT:
  ANNETTE WILLIAMS, ESQUIRE
  OFFICE OF THE UNITED STATES ATTORNEY
  1575 20TH AVENUE
  GULFPORT, MS  39501

FOR THE DEFENDANT:
  JAMES L. DAVIS, III, ESQUIRE
  1904 24TH AVENUE
  GULFPORT, MISSISSIPPI  39502


REPORTED BY:  TERI B. NORTON, RMR, FCRR, RDR
              2012 15TH STREET, SUITE 403
              GULFPORT, MISSISSIPPI  39501
              (228)563-1748

1    **THE COURT:**  We are here in Case No. 1:18cr60, United

2  States versus Damien S. Pinckney scheduled for a change of

3  plea.  Would counsel please make their appearances.

4    **MS. WILLIAMS:**  Good afternoon, Your Honor.  Annette

5  Williams for the government.  I apologize for being late.

6    **THE COURT:**  Good afternoon.

7    **MR. DAVIS:**  Jim Davis, Your Honor, and I represent

8  Mr. Damien Pinckney, and Mr. Damien Pinckney is in the

9  courtroom with me.

10    **THE COURT:**  All right.  Good afternoon, Mr. Davis.

11    **MR. DAVIS:**  Yes, sir.

12    **THE COURT:**  Ms. Williams, pursuant to the Crime

13  Victims Rights Act, are there any victims of this case?

14    **MS. WILLIAMS:**  No, sir.

15    **THE COURT:**  I understand this will be a change of

16  plea to guilty to the one-count information.  Is that correct,

17  Mr. Davis?

18    **MR. DAVIS:**  Yes, sir, Your Honor.

19    **THE COURT:**  All right.  I've been presented with the

20  original plea agreement and plea supplement.  Let me take a

21  moment to look those over, and then we will get started.

22    (Pause)

23    **THE COURT:**  All right.  I have reviewed the plea

24  agreement, the plea supplement and the agreed preliminary order

25  of forfeiture.  They have been executed by counsel for the

1  government, as well as counsel for the defendant.  It looks

2  like the case number is not complete on the plea agreement and

3  the agreed preliminary order of forfeiture.  Why don't we

4  correct that, and then we can proceed.

5      Everything looks in order.  At this time, Mr. Davis, then,

6  if you and your client would approach the podium, I will ask

7  him to raise his right hand and take the oath, and we will get

8  started.

9      Sir, if you would, please raise your right hand and take

10  the oath.

11      **(OATH ADMINISTERED TO DEFENDANT).**

12      **THE COURT:**  Sir, would you please state your full

13  name for the record.

14      **THE DEFENDANT:**  Damien Spencer Daron Pinckney.

15      **THE COURT:**  Mr. Pinckney, do you understand that you

16  are now under oath, and if you answer any of my questions here

17  today falsely, your answers may later be used against you in

18  another prosecution for perjury or making a false statement?

19  Do you understand that, sir?

20      **THE DEFENDANT:**  Yes, sir.

21      **THE COURT:**  Are you able to read, speak and

22  understand the English language?

23      **THE DEFENDANT:**  Yes, sir.

24      **THE COURT:**  Are you a citizen of the United States?

25      **THE DEFENDANT:**  Yes, sir.

1       **THE COURT:** If at any point this afternoon, you do

2 not understand something I say or a question I ask, please let

3 me know that. I'm happy to repeat myself. Also, if at any

4 point you would like to stop and consult with your lawyer, I'm

5 happy to let you do that as well. Just let me know that. Do

6 you understand all of that?

7       **THE DEFENDANT:** Yes, sir.

8       **THE COURT:** The first thing I have to do this

9 afternoon is ask a few questions to establish that what you are

10 doing here today is a knowing and a voluntary act and that you

11 understand what it is you are doing. So I'm going to begin

12 with a few questions along those lines.

13    How old are you, sir?

14       **THE DEFENDANT:** 36.

15       **THE COURT:** How far did you go in school?

16       **THE DEFENDANT:** Eleventh grade.

17       **THE COURT:** Did you obtain a diploma or GED?

18       **THE DEFENDANT:** Online diploma.

19       **THE COURT:** Okay. Are you able to read and write?

20       **THE DEFENDANT:** Yes, sir.

21       **THE COURT:** Have you been treated recently for any

22 mental illnesses or addictions to alcohol or narcotic drugs of

23 any kind?

24       **THE DEFENDANT:** No, sir.

25       **THE COURT:** Have you ever been treated for any mental

1    illnesses or addictions to alcohol or narcotic drugs of any

2    kind?

3            **THE DEFENDANT:**  No, sir.

4            **THE COURT:**  As you stand here today, are you

5    currently under the influence of any alcoholic beverage, drug,

6    prescription medication or any other substance that would

7    affect your ability to understand what is taking place here?

8            **THE DEFENDANT:**  No, sir.

9            **THE COURT:**  Are you capable of consulting with your

10    attorney and understanding what is happening?

11            **THE DEFENDANT:**  Yes, sir.

12            **THE COURT:**  Do you understand why we are here and

13    what is happening today?

14            **THE DEFENDANT:**  Yes, sir.

15            **THE COURT:**  And do you understand the seriousness of

16    these proceedings?

17            **THE DEFENDANT:**  Yes, sir.

18            **THE COURT:**  Do you understand the purpose of your

19    appearance this afternoon is to change your plea in this case

20    from not guilty to guilty to the one-count information?  Do you

21    understand that?

22            **THE DEFENDANT:**  Yes, sir.

23            **THE COURT:**  Mr. Davis, have you met with your client?

24            **MR. DAVIS:**  Yes, sir, Your Honor.

25            **THE COURT:**  In your opinion, is he capable of

1  understanding these proceedings and your advice?

2      **MR. DAVIS:**  Yes, sir, Your Honor.

3      **THE COURT:**  Is there any question in your mind about

4  his competence to enter a plea?

5      **MR. DAVIS:**  No, Your Honor.

6      **THE COURT:**  Ms. Williams, is the government aware of

7  any issues with respect to the defendant's competence to enter

8  a plea?

9      **MS. WILLIAMS:**  No, sir.

10     **THE COURT:**  Now, Mr. Pinckney, the first thing I have

11  to discuss with you this afternoon is your willingness or

12  desire to waive or give up your right to grand jury presentment

13  and indictment and then proceed on the information.  Now, you

14  probably went through this with the magistrate judge already,

15  but I need to go through it with you again to make sure you

16  understand it.

17      Now, no person under our system of justice can be charged

18  with a felony offense unless a grand jury first hears evidence

19  and based upon that evidence decides there is probable cause to

20  believe that a crime has been committed and that you committed

21  that crime.  You can, if you wish, waive or give up the right

22  to grand jury presentment and indictment and permit a charge to

23  be brought against you by way of an information, which is what

24  has happened to you in this case.

25      If you were to decide that you did not wish to waive grand

jury presentment and indictment, there is nothing that would prevent the government from presenting your case to the grand jury and seeking an indictment.

The grand jury is a group of people, not less than 16 and not more than 23, and at least 12 of those people, after hearing the evidence, would have to agree that based upon that evidence, there is probable cause to believe that a crime has been committed and that you committed that crime before you could be indicted. No one can presume to know what a grand jury would do in any particular case. Their proceedings are secret. Their deliberations are secret as well. You could be indicted; on the other hand, you might not be. But if you permit this case to proceed today on the information, it will proceed just as though the grand jury had actually met and just as though the grand jury had actually returned an indictment.

Now, have you discussed your right to grand jury presentment and indictment to your attorney?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Have you asked him any questions you may have had about it?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did you understand his answers?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand your right to grand jury presentment and indictment?

1    **THE DEFENDANT:**  Yes, sir.

2    **THE COURT:**  Has anyone forced you in any way or tried

3  to make any type of threats or promises to cause you to give up

4  the right to grand jury presentment and indictment?

5    **THE DEFENDANT:**  No, sir.

6    **THE COURT:**  Mr. Davis, have you fully counseled with

7  your client with regard to his willingness to give up the right

8  to grand jury presentment and indictment?

9    **THE DEFENDANT:**  Yes, sir, Your Honor.

10    **THE COURT:**  Are you satisfied he understands that

11  right?

12    **MR. DAVIS:**  Yes, sir, Your Honor.

13    **THE COURT:**  And did he undergo this same colloquy

14  with the magistrate judge?

15    **MR. DAVIS:**  Yes, sir.

16    **THE COURT:**  And has there been a waiver of indictment

17  form executed?

18    **MR. DAVIS:**  Yes, sir.  I had to think.  I remember he

19  signed something, and I think it was the waiver of indictment.

20    **THE COURT:**  Let's check.  See if it was filed.

21    **THE CLERK:**  Yes.

22    **THE COURT:**  We do have one filed of record, then.

23    All right.  Mr. Pinckney, based upon the rights I've just

24  described to you, do you wish to waive your right to grand jury

25  presentment and indictment?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  It is the finding of the Court that the defendant has knowingly and voluntarily waived his right to grand jury presentment and indictment, and the Court will therefore proceed based upon the information.

Mr. Pinckney, have you received a copy of the information pending against you in this case, that is, the written charge brought against you by the government?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Have you had an opportunity to review the information with your attorney and fully discussed the charge in it with your attorney?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Were you able to ask your attorney any and all questions you may have had about that charge?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Did you understand his answers?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Do you understand the charge in the information?

**THE DEFENDANT:**  Yes, sir.

**THE COURT:**  Have you also discussed with your attorney possible defenses, if any, that you might have to this charge?

**THE DEFENDANT:**  Yes, sir.

1    **THE COURT:**  Were you able to ask your attorney any

2  questions you may have had about that subject?

3    **THE DEFENDANT:**  Yes, sir.

4    **THE COURT:**  Did you understand his answers?

5    **THE DEFENDANT:**  Yes, sir.

6    **THE COURT:**  Did your attorney also discuss with you

7  possible witnesses, if any, who could be called to testify in

8  your defense to this charge?

9    **THE DEFENDANT:**  Yes, sir.

10    **THE COURT:**  Were you able to ask your attorney any

11  questions you may have had about that subject?

12    **THE DEFENDANT:**  Yes, sir.

13    **THE COURT:**  Did you understand his answers?

14    **THE DEFENDANT:**  Yes, sir.

15    **THE COURT:**  Did your attorney also review and discuss

16  with you the evidence that the government intended to produce

17  at trial to support the charge against you?

18    **THE DEFENDANT:**  Yes, sir.

19    **THE COURT:**  Were you able to ask your attorney any

20  questions you may have had about that subject?

21    **THE DEFENDANT:**  Yes, sir.

22    **THE COURT:**  Did you understand his answers?

23    **THE DEFENDANT:**  Yes, sir.

24    **THE COURT:**  Are you satisfied with the amount of time

25  you've been able to spend with your attorney?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Are you satisfied with the amount of time

3     your attorney has spent working on your case?

4          **THE DEFENDANT:**  Yes, sir.

5          **THE COURT:**  Are you fully satisfied with the counsel,

6     representation and advice given to you in this case by your

7     attorney?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  If you have any complaints or objections

10    whatsoever regarding the services provided to you by your

11    attorney, now is the time to make those objections.  Do you

12    have any?

13         **THE DEFENDANT:**  No, sir.

14         **THE COURT:**  Now, I understand your willingness to

15    plead guilty this afternoon is the result of some discussions

16    that either you or your attorney have had with the attorney for

17    the government which have resulted in these three documents,

18    the plea agreement, the plea supplement and the agreed

19    preliminary order of forfeiture.  Is that correct?

20         **THE DEFENDANT:**  Yes, sir.

21         **THE COURT:**  And is this your signature on the plea

22    agreement, the plea supplement and the agreed preliminary order

23    of forfeiture?

24         **THE DEFENDANT:**  Yes, sir.

25         **THE COURT:**  Did you have an opportunity to read and

discuss these documents with your attorney before you signed them?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** And were you able to ask your attorney any and all questions you may have had about the plea agreement, the plea supplement and the agreed preliminary order of forfeiture?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did you understand his answers?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand the terms of the plea agreement, the plea supplement and the agreed preliminary order of forfeiture?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Mr. Davis, are you satisfied your client understands the terms of the plea agreement, the plea supplement and the agreed preliminary order of forfeiture?

**THE DEFENDANT:** Yes, sir, Your Honor.

**THE COURT:** Now, at this time, I'm going to ask the attorney for the government to state into the record some of the key terms or highlights of your agreement with the government. I want you to listen to what she has to say because when she is finished, I'm going to ask you if you understand and agree with these terms and conditions. Ms. Williams.

1    **MS. WILLIAMS:**  Your Honor, the government and the

2    defendant have entered into an agreement.  We have two

3    documents.  We have a plea supplement that contains the

4    government's recommendation that we will urge at sentencing.

5    And we ask that that be filed under seal pursuant to local

6    court rule.

7         In exchange for that recommendation, the defendant has

8    also entered into a plea agreement, which in paragraph eight of

9    that agreement contains certain waivers.

10        The waivers include that the defendant is waiving, with

11   the exception of ineffective assistance of counsel claims, he's

12   waiving his right to appeal the conviction and sentence imposed

13   in this case or the manner in which it is imposed on any

14   grounds whatsoever.  He's waiving his right to contest the

15   conviction and sentence or the manner in which the sentence is

16   imposed in any post-conviction or habeas proceeding.  He's

17   waiving his right to seek attorney fees or costs under the Hyde

18   Amendment and acknowledges that the government's position in

19   this case is not vexatious, frivolous or in bad faith.  He's

20   waiving any rights either directly or through a representative

21   to get any documents from any department or agency relating to

22   the investigation or prosecution of this matter under the

23   Freedom of Information Act or the Privacy Act.  And he is

24   acknowledging that any factual issues regarding sentencing will

25   be determined by the Court under a preponderance of evidence

1  standard.

2  **THE COURT:**  All right.  Mr. Pinckney, did you hear

3  everything the attorney for the government had to say?

4  **THE DEFENDANT:**  Yes, sir.

5  **THE COURT:**  Did you understand everything she had to

6  say?

7  **THE DEFENDANT:**  Yes, sir.

8  **THE COURT:**  Do you agree with those terms and

9  conditions?

10  **THE DEFENDANT:**  Yes, sir.

11  **THE COURT:**  Now, you understand those were just the

12  highlights.  Your complete agreement with the government is

13  controlled by all of the written terms contained in these

14  documents, the plea agreement, the plea supplement and the

15  agreed preliminary order of forfeiture.  Do you understand

16  that?

17  **THE DEFENDANT:**  Yes, sir.

18  **THE COURT:**  Now, has anyone made any other or

19  different promises or assurances of any kind to you other than

20  those contained in the plea agreement and the plea supplement

21  in an effort to induce you to plead guilty in this case?

22  **THE DEFENDANT:**  No, sir.

23  **THE COURT:**  Let me inquire, was this the only formal

24  plea offer exchanged?

25  **MS. WILLIAMS:**  It is not, Your Honor.  There was a

1    prior plea offer.  This offer is more favorable to the

2    defendant.

3              **THE COURT:**  All right.  Is that correct, Mr. Davis?

4              **MR. DAVIS:**  Yes, sir, Your Honor.

5              **THE COURT:**  And in your estimation, did your client

6    understand the earlier offer when you explained it to him?

7              **MR. DAVIS:**  Oh, yes, sir.

8              **THE COURT:**  And in your view, is he making a knowing,

9    intelligent and voluntary decision to accept this offer instead

10   of the earlier one?

11             **MR. DAVIS:**  Oh, yes, sir.

12             **THE COURT:**  All right.  Mr. Pinckney, have you heard

13   everything your attorney has just said?

14             **THE DEFENDANT:**  Yes, sir.

15             **THE COURT:**  Have you understood that?

16             **THE DEFENDANT:**  Yes, sir.

17             **THE COURT:**  Do you agree with that?

18             **THE DEFENDANT:**  Yes, sir.

19             **THE COURT:**  Did your attorney discuss the

20   government's earlier plea offer with you?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  Were you able to ask him any questions

23   you had about it?

24             **THE DEFENDANT:**  Yes, sir.

25             **THE COURT:**  And did you understand his answers?

1    **THE DEFENDANT:**  Yes, sir.

2    **THE COURT:**  So did you understand the earlier plea

3  offer?

4    **THE DEFENDANT:**  Yes, sir.

5    **THE COURT:**  And are you telling me here today that it

6  is your desire to accept this offer and not the earlier offer?

7    **THE DEFENDANT:**  Yes, sir.

8    **THE COURT:**  Now, Mr. Pinckney, has anyone attempted

9  in any way to force you or threaten you to plead guilty in this

10  case?

11    **THE DEFENDANT:**  No, sir.

12    **THE COURT:**  Are you pleading guilty of your own free

13  will because you are in fact guilty?

14    **THE DEFENDANT:**  Yes, sir.

15    **THE COURT:**  Now, do you understand that the terms of

16  the plea agreement and the plea supplement are merely

17  recommendations to the Court, that I can reject those

18  recommendations without permitting you to withdraw your plea of

19  guilty and then impose a sentence that is more severe than you

20  may anticipate.  Do you understand that?

21    **THE DEFENDANT:**  Yes, sir.

22    **THE COURT:**  You are also going to waive your right to

23  appeal your conviction and your sentence in this case.  Do you

24  understand that?

25    **THE DEFENDANT:**  Yes, sir.

1    **THE COURT:**  That last question pertains to the

2    waivers that Ms. Williams mentioned earlier.  Those are at

3    paragraph eight of your plea agreement.  I want to review them

4    with you again to make sure that you understand them.

5         **THE DEFENDANT:**  Yes, sir.

6         **THE COURT:**  Do you understand that by entering into

7    this plea agreement and pleading guilty here today, you are

8    going to waive the right to appeal your conviction and sentence

9    imposed in this case or the manner in which the sentence is

10   imposed on any grounds whatsoever except for ineffective

11   assistance of counsel claims.  Do you understand that?

12        **THE DEFENDANT:**  Yes, sir.

13        **THE COURT:**  You are also waiving the right to contest

14   the conviction and sentence or the manner in which the sentence

15   is imposed in any post-conviction proceeding, including but not

16   limited to a motion brought under Title 28, United States Code,

17   Section 2255, except for ineffective assistance of counsel

18   claims.  Do you understand that?

19        **THE DEFENDANT:**  Yes, sir.

20        **THE COURT:**  You are also waiving the right to seek

21   attorney's fees or costs in this case, and you are

22   acknowledging that the government's position in this case was

23   not vexatious, frivolous or in bad faith.  Do you understand

24   that?

25        **THE DEFENDANT:**  Yes, sir.

1       **THE COURT:**  You are waiving all rights, whether

2   asserted directly by you or through a representative, to

3   request or receive from any department or agency of the United

4   States any records pertaining to the investigation or the

5   prosecution of this case.  Do you understand that?

6       **THE DEFENDANT:**  Yes, sir.

7       **THE COURT:**  You are also acknowledging and agreeing

8   that any factual issues regarding your sentencing will be

9   decided by the sentencing judge under a preponderance of the

10  evidence standard, which is a lower standard of evidence than

11  would apply at a jury trial, and you are waiving or giving up

12  any right to have a jury decide any of these sentencing issues.

13  Do you understand that?

14      **THE DEFENDANT:**  Yes, sir.

15      **THE COURT:**  You are also agreeing that in making its

16  sentencing decision, the Court may consider any relevant

17  evidence without regard to whether that evidence would be

18  admissible under the rules of evidence that would apply at a

19  trial.  Do you understand that?

20      **THE DEFENDANT:**  Yes, sir.

21      **THE COURT:**  Have you read each and every one of these

22  waivers, Mr. Pinckney?

23      **THE DEFENDANT:**  Yes, sir.

24      **THE COURT:**  Have you discussed them with your

25  attorney and asked him any questions you may have had about

them?

        **THE DEFENDANT:**  Yes, sir.

        **THE COURT:**  Did you understand his answers?

        **THE DEFENDANT:**  Yes, sir.

        **THE COURT:**  Do you understand what these waivers mean and what their consequences are?

        **THE DEFENDANT:**  Yes, sir.

        **THE COURT:**  And do you fully and completely understand and knowingly and voluntarily agree to all of these waivers, along with all the other terms of the plea agreement, the plea supplement and the agreed preliminary order of forfeiture?

        **THE DEFENDANT:**  Yes, sir.

        **THE COURT:**  At this time, then, I will accept the plea agreement and plea supplement and direct that they be filed into the record.  I will further direct that the plea supplement be filed under seal pursuant to local Court rule.

Mr. Pinckney, do you understand that the offense to which you are pleading guilty here today is a felony offense and that if your plea is accepted by the Court, you will be adjudged guilty of that offense, and such adjudication of guilt may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.  Do you understand that?

1    **THE DEFENDANT:**  Yes, sir.

2    **THE COURT:**  I'm required to inform you of the maximum

3    possible penalties to which you would be exposed by pleading

4    guilty to this charge.  You are seeking to plead guilty to the

5    one-count information which charges you with violating Title

6    18, United States Code, Section 922(g)(1), possession of a

7    firearm by a convicted felon.

8        If you plead guilty to this charge, the maximum possible

9    penalties to which you would be exposed would be as follows:  A

10   term of imprisonment of not more than ten years, a fine of up

11   to $250,000, a term of supervised release of not more than

12   three years, and a $100 special assessment.  Do you understand

13   that those are the maximum possible penalties to which you

14   would be exposed by pleading guilty here today?

15       **THE DEFENDANT:**  Yes, sir.

16       **THE COURT:**  Have you discussed those with your

17   attorney and asked him any questions you may have had about

18   them?

19       **THE DEFENDANT:**  Yes, sir.

20       **THE COURT:**  Did you understand his answers?

21       **THE DEFENDANT:**  Yes, sir.

22       **THE COURT:**  Now, do you understand that a term of

23   supervised release is or may be imposed in addition to any

24   sentence of imprisonment?  Do you understand that?

25       **THE DEFENDANT:**  Yes, sir.

1    **THE COURT:** And what supervised release is a period

2 of time following your release from any term of imprisonment

3 during which your activities would be monitored and supervised

4 by the U.S. Probation Office. Do you understand that?

5    **THE DEFENDANT:** Yes, sir.

6    **THE COURT:** If you violate any of the conditions of

7 your supervised release, you could be subjected to imprisonment

8 for the entire term of supervised release without credit for

9 any time that you might have already served on that term of

10 supervised release. Do you understand that?

11    **THE DEFENDANT:** Yes, sir.

12    **THE COURT:** Do you also understand that as part of

13 your agreement here today and part of the punishment in this

14 case, you are going to forfeit certain property to the

15 government? Do you understand that?

16    **THE DEFENDANT:** Yes, sir.

17    **THE COURT:** That pertains to the agreed preliminary

18 order of forfeiture. Do you understand that as part of your

19 sentence and pursuant to the agreed preliminary order of

20 forfeiture, you are agreeing to forfeit any right, title or

21 interest you may have in one Barrett Firearms Manufacturing

22 Model 82A1, .50 caliber rifle bearing serial number 20046; one

23 Anderson Manufacturing Model AM15, multi-caliber rifle, bearing

24 serial number 13061F13; one Seekins Precision Model SBA15,

25 multi-caliber AR style pistol, bearing serial number D00263 and

1    any ammunition?  Do you understand that you are going to be

2    forfeiting any right, title or interest you may have to these

3    items to the government?

4          **THE DEFENDANT:**  Yes, sir.

5          **THE COURT:**  Have you read the agreed preliminary

6    order of forfeiture in this case?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:**  Have you discussed it with your attorney

9    and asked him any questions you may have had about it?

10         **THE DEFENDANT:**  Yes, sir.

11         **THE COURT:**  Do you understand the agreed preliminary

12    order of forfeiture?

13         **THE DEFENDANT:**  Yes, sir.

14         **THE COURT:**  And do you agree with it?

15         **THE DEFENDANT:**  Yes, sir.

16         **THE COURT:**  Then, finally, for each offense you must

17    pay a special assessment fee of $100 per count, which in this

18    case, because you are pleading guilty to one count, would be

19    $100.  Do you understand that?

20         **THE DEFENDANT:**  Yes, sir.

21         **THE COURT:**  Do you understand all of these possible

22    consequences of your plea here today?

23         **THE DEFENDANT:**  Yes, sir.

24         **THE COURT:**  Have you discussed them with your

25    attorney and asked him any questions you may have had about

them?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** And did you understand his answers?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Now, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued sentencing guidelines for judges to follow in determining the sentence in a criminal case. Your sentence in this case will be determined by considering a combination of these advisory sentencing guidelines, possible authorized departures from those guidelines, and other statutory sentencing factors set forth by Congress at Title 18, United States Code, Section 3553. Have you and your attorney talked about how the sentencing guidelines might apply to your case?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand that the Court will not be able to determine the guideline sentence range for your case until after the probation office has prepared a presentence report and you and the government have had an opportunity to review that report and to challenge or object to the reported facts and the proposed application of the sentencing guidelines recommended by the probation officer? Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you understand that the sentence ultimately imposed by the Court may be different from any

1  estimate that your attorney may have given you?  Do you

2  understand that?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  Also, after your initial advisory

5  sentencing guideline range has been determined, the Court has

6  the authority under some circumstances to depart upward above

7  the guideline range or downward below the guideline range, and

8  the Court will also consider statutory sentencing factors found

9  at Title 18, United States Code, Section 3553 that could result

10  in the imposition of a sentence that is either greater than or

11  lesser than the advisory guideline sentence range.  Do you

12  understand that?

13          **THE DEFENDANT:**  Yes, sir.

14          **THE COURT:**  Do you understand that the Court, in its

15  discretion, could sentence you up to the maximum prison

16  sentence provided by statute, which in this case is ten years?

17  Do you understand that?

18          **THE DEFENDANT:**  Yes, sir.

19          **THE COURT:**  Finally, parole has been abolished, and

20  if you are sentenced to prison, you will not be released on

21  parole.  Do you understand that?

22          **THE DEFENDANT:**  Yes, sir.

23          **THE COURT:**  Now, you are also waiving some

24  constitutional rights by pleading guilty here today.  I want to

25  review those with you as well to make sure you understand them.

Do you understand that you have a right to plead not guilty to any offense charged against you and to persist in that plea? Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You would then have the right to a trial by a jury. Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** And at that trial, you would be presumed to be innocent, and the government would have to prove your guilt beyond a reasonable doubt. Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You would have the right to the assistance of counsel for your defense at trial and at every stage of the proceedings, and if necessary, the Court would appoint an attorney for you. Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You would have the right to see and hear all of the witnesses who testify and have them cross-examined in your defense. Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You would have the right to the issuance of subpoenas or compulsory process to compel witnesses to attend to testify in your defense. Do you understand that?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You would have the right on your own part

1  to refuse to testify unless you voluntarily elected to do so in

2  your own defense.  Do you understand that?

3         **THE DEFENDANT:**  Yes, sir.

4         **THE COURT:**  And if you decided not to testify or not

5  to put on any evidence whatsoever, those facts could not be

6  used against you.  Do you understand that?

7         **THE DEFENDANT:**  Yes, sir.

8         **THE COURT:**  Do you further understand that by

9  entering a plea of guilty, if that plea is accepted by the

10  Court, there will not be a trial, and you will have waived or

11  given up your right to a trial, as well as all the other rights

12  associated with a trial as I have just described them?  Do you

13  understand that?

14         **THE DEFENDANT:**  Yes, sir.

15         **THE COURT:**  Now, I'm required to inform you of the

16  charge to which you are seeking to plead guilty.  You are

17  seeking to plead guilty to the one-count information which

18  charges as follows:  On or about September 23, 2017, in

19  Harrison County, in the Southern Division of the Southern

20  District of Mississippi, the defendant, Damien S. Pinckney,

21  having been previously convicted of a felony, that is, a crime

22  which is punishable by imprisonment for a term exceeding one

23  year, did knowingly possess a firearm in and affecting

24  interstate commerce, in violation of Title 18, United States

25  Code, Sections 922(g)(1) and 924(a)(2).  Have you seen the

1    indictment -- the information against you in this case, Mr.

2    Pinckney?

3              **THE DEFENDANT:**  Yes, sir.

4              **THE COURT:**  Have you read this charge to which you

5    are seeking to plead guilty?

6              **THE DEFENDANT:**  Yes, sir.

7              **THE COURT:**  Did you have a full opportunity to

8    discuss the charge with your attorney and ask him any and all

9    questions you may have had about it?

10             **THE DEFENDANT:**  Yes, sir.

11             **THE COURT:**  Did you understand his answers?

12             **THE DEFENDANT:**  Yes, sir.

13             **THE COURT:**  Do you understand the charge against you

14   in the information?

15             **THE DEFENDANT:**  Yes, sir.

16             **THE COURT:**  Mr. Davis, are you satisfied your client

17   understands the charge against him in the information?

18             **MR. DAVIS:**  Yes, Your Honor.

19             **THE COURT:**  I also need to explain to you the

20   essential elements of the charge contained in the information.

21   These are the things that the government would have to prove,

22   and they would have to prove them beyond a reasonable doubt

23   before you could be found guilty.

24        The one-count information charges you with violating Title

25   18, United States Code, Sections 922(g)(1) and 924(a)(2), which

1    make it a crime for a convicted felon to knowingly receive or

2    possess a firearm.

3        In order for you to be found guilty of this charge, the

4    government would have to prove each of the following elements

5    beyond a reasonable doubt:  First, that the defendant, and that

6    would be you, knowingly possessed a firearm as charged; second,

7    that before the defendant, and that's you again, possessed the

8    firearm, the defendant had been convicted in a court of a crime

9    punishable by imprisonment for a term in excess of one year;

10   and third, that the firearm possessed traveled in or affected

11   interstate commerce, that is, before the defendant possessed

12   the firearm, it had traveled at some time from one state to

13   another.

14       Now, the term "firearm" means any weapon that will or is

15   designed to or may readily be converted to expel a projectile

16   by the action of an explosive.  The term "firearm" also

17   includes the frame or receiver of any such weapon, any firearm

18   muffler or firearm silencer or destructive device.  Those are

19   the essential elements of the charge contained in the

20   information.  Do you understand those, Mr. Pinckney?

21            **THE DEFENDANT:**  Yes, sir.

22            **THE COURT:**  Have you discussed them with your

23   attorney and asked him any questions you may have had about

24   them?

25            **THE DEFENDANT:**  Yes, sir.

1    **THE COURT:**  Did you understand his answers?

2    **THE DEFENDANT:**  Yes, sir.

3    **THE COURT:**  Do you understand what it is the

4  government must prove beyond a reasonable doubt in order for

5  you to be found guilty?

6    **THE DEFENDANT:**  Yes, sir.

7    **THE COURT:**  Do you fully and completely understand

8  the nature of the charge against you, including its essential

9  elements?

10    **THE DEFENDANT:**  Yes, sir.

11    **THE COURT:**  Mr. Davis, are you satisfied your client

12  fully and completely understands the nature of the charge

13  against him, including its essential elements?

14    **MR. DAVIS:**  Yes, Your Honor.

15    **THE COURT:**  Mr. Pinckney, at this time I'm going to

16  ask the attorney for the government to state into the record

17  those facts that the government would be prepared to prove if

18  the case went to trial.  I want you to listen carefully to what

19  she has to say because when she is finished, I'm going to ask

20  you if you understand and agree with everything she has to say.

21  Ms. Williams.

22    **MS. WILLIAMS:**  Your Honor, if this matter were to

23  proceed to trial, the government would provide proof in the

24  form of testimony and exhibits.  The proof would show that the

25  DEA, utilizing two known proven confidential informants, was

1  negotiating with Defendant Pinckney's codefendant Rutledge for

2  the purchase of 10 to 50 kilograms of cocaine at $25,000 per

3  kilo.  The sellers required a down payment.

4      On August 27, 2017, Rutledge traveled to Gulfport with

5  $17,500 in cash and informed the CI that he had to go to a

6  Walmart where he obtained an additional $10,000 in cash from

7  wire transfers.  All of this was for the down payment.  Records

8  obtained from Ria Financial Services for the Walmart money

9  transfers show that on August 27, 2017, at a Walmart in North

10  Charleston, South Carolina, Damien S. Pinckney wired $2,500 to

11  an individual in Gulfport whose identity was provided by the

12  CI.  Others who wired money for the down payment on that same

13  date, August 27, include Ahmed Jenkins from Summerville, South

14  Carolina, who is Mr. Pinckney's cousin, also Tysean Tummings

15  and Kirk Kirlew from Westbury, New York, and Defendant Rutledge

16  is originally from New York.

17      On September 1, 2017, Defendant Rutledge had an additional

18  $2,000 wired to the CI in Gulfport.  Conversations with

19  Rutledge continued for the remainder of the down payment funds

20  with Rutledge negotiating the use of firearms as part of the

21  payment.  Rutledge provided photographs of the firearms by text

22  message to the CI.

23      Due to the addition of the firearms, the ATF was brought

24  into the investigation.  Through negotiation with the CIs to

25  consummate the purchase of 15 kilos of cocaine, Rutledge agreed

to transport approximately $27,000 in cash and firearms to Gulfport.

On September 22, 2017, the CI advised Rutledge was coming to Mississippi on the 23rd of September to make payment and provide the firearms. On September 23, 2017, the CI met Rutledge at the Red Roof Inn on Highway 49, where Rutledge showed the CI several firearms in a rental car which the two drove to a take-down spot where Rutledge was arrested. Agents recovered $19,500 in bulk cash and three firearms from the rental car which had been rented by this defendant, Damien S. Pinckney.

The firearms that were recovered were a Barrett Model 82A1, .50 caliber rifle manufactured in Tennessee with two magazines; one Seekins Precision Model SBA15 multi-caliber rifle manufactured in Idaho, with two 30-round magazines, one containing 30 rounds of 5.56 caliber ammunition; and one Anderson Manufacturing Model AM15 multi-caliber rifle manufactured in Kentucky.

Post-Miranda, Rutledge admitted he had traveled with three other individuals in two cars to Mississippi to purchase the cocaine. At the Red Roof Inn, agents found Defendant Pinckney, a Demar Bacon and a Larry Paulk.

Searches of the cell phones recovered from the defendant found contacts between a Charles Brown, known as Uncle Charles, and the DEA CI, Rutledge and Pinckney.

1    Pinckney's phone had multiple conversations or text

2    messages and instant messaging consistent with drug trafficking

3    and multiple contacts with Rutledge.  Those included a

4    photograph received from Rutledge of the Barrett .50 caliber

5    rifle, a photograph sent to Rutledge of a Kel-Tech shotgun, a

6    screen shot of a conversation between Rutledge and the DEA CI,

7    and a photo sent to Rutledge of a Walmart wire transfer seized

8    by the DEA in Mississippi and sent from Summerville, South

9    Carolina on August 30th of 2017.

10    ATF agents traced the origin of the Seekins Precision

11   Rifle to an individual in South Carolina.  When questioned, the

12   individual admitted he sold the rifle to a person known to him

13   as X for a heroin debt.  He described X matching the

14   description of Defendant Pinckney and stated he attempted to

15   trade to X the Kel-Tech shotgun for narcotics but ended up

16   selling it to a pawn shop instead.  X has been shown to use --

17   be used by Defendant Pinckney on his Facebook account.

18    Pinckney has several prior felony convictions from South

19   Carolina, including possession with intent to distribute

20   cocaine at age 21 under the Youth Offender Act in 2002 with a

21   sentence of one to six years; possession with intent to

22   distribute cocaine in proximity to a school, for which he was

23   sentenced to five years in 2010; and possession with intent to

24   distribute cocaine base or methamphetamine, second offense, in

25   2010 and sentenced to five years.  He is, therefore, prohibited

from possessing a firearm.

**THE COURT:** And the proof of possession was that he was in possession of them at the time of the arrest?

**MS. WILLIAMS:** Yes, Your Honor. The guns were actually located in the rental car rented by Mr. Pinckney. Mr. Rutledge admitted that the four individuals had traveled together to Mississippi in two separate cars, with one person driving the car with the drugs and the guns and then Mr. Pinckney, Mr. Rutledge and a third individual in the follow car, but they were all together. And of course, Mr. Pinckney's phone had a picture of the .50 cal from Mr. Rutledge, and he had sent to Mr. Rutledge a picture of that Kel-Tech shotgun that they were discussing also using to purchase the cocaine.

**THE COURT:** All right. Mr. Pinckney, did you hear everything the attorney for the government had to say?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Did you understand everything she had to say?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Do you agree with those facts?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Is that in fact what happened in this case?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** In a moment, Mr. Pinckney, I'm going to

ask you for your plea to the one-count information, whether it
is guilty or not guilty, but before I do that, is there
anything that you have not understood this afternoon or that
you wish to discuss further with your attorney?

        **THE DEFENDANT:** No, sir.

        **THE COURT:** Mr. Pinckney, how do you now plead to the
charge contained in the one-count information, guilty or not
guilty?

        **THE DEFENDANT:** Guilty.

        **THE COURT:** It is the finding of the Court in the
case of United States versus Damien S. Pinckney, that having
viewed the defendant in court and considered his demeanor and
responses, the defendant is fully competent and capable of
entering an informed plea, that the defendant is aware of the
nature of the charges and the consequences of the plea, and
that the plea of guilty to the one-count information is a
knowing and voluntary plea supported by an independent basis in
fact containing each of the essential elements of the offense.
The plea is therefore accepted, and the defendant is now
adjudged guilty of that offense.

    As I mentioned, Mr. Pinckney, a written presentence report
will need to be prepared by the probation office to assist the
Court in sentencing. You are going to be asked to give
information to the probation office for this report. It is
very important that you provide complete and truthful answers

1    to the probation officer when you meet with him or her.  You

2    may have your attorney present with you if you wish when you

3    meet with the probation officer, and you and your attorney will

4    be allowed to read the presentence report and file any

5    objections you may have to the presentence report before the

6    sentencing hearing.

7         You and your attorney will also have an opportunity to

8    speak on your behalf at the sentencing hearing before the Court

9    imposes any sentence.  So you will be receiving contact from

10   the probation office after this hearing to set up that

11   interview.

12        **THE DEFENDANT:**  Yes, sir.

13        **THE COURT:**  Sentencing in this case will be on

14   Tuesday, August 21, 2018 at 9:30 a.m. here in this courtroom.

15   Tuesday, August 21st, 2018, at 9:30 a.m. here in this

16   courtroom.

17        And one thing I want to remind you of, Mr. Pinckney, is

18   you have now been adjudged guilty of a felony.  One consequence

19   of that is you no longer have a right to possess a firearm of

20   any kind for any purpose.  Do you understand that?

21        **THE DEFENDANT:**  Yes, sir.

22        **THE COURT:**  Under the provisions of the Bail Reform

23   Act, the defendant will be remanded to the custody of the

24   U.S. Marshal pending sentencing.  I will go ahead and execute

25   the agreed preliminary order of forfeiture and direct that it

1  be filed into the record.  Anything further at this time?

2                    **MS. WILLIAMS:**  No, Your Honor.

3                    **MR. DAVIS:**  Not from the defendant, Your Honor.

4                    **THE COURT:**  All right.  Defendant is remanded to

5  custody.  Counsel, you are excused.  Court is in recess.

6                    (PLEA HEARING CONCLUDED)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF COURT REPORTER


I, Teri B. Norton, RMR, FCRR, RDR, Official Court Reporter for the United States District Court for the Southern District of Mississippi, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings reported by me using the stenotype reporting method in conjunction with computer-aided transcription, and that same is a true and correct transcript to the best of my ability and understanding.

I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.




s/ *Teri B. Norton*
TERI B. NORTON, RMR, FCRR, RDR
OFFICIAL COURT REPORTER