UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| DAMIEN S. PINCKNEY,      ) | |
| ) | |
| Movant,      ) | USDC Case No.  1:20-cv-____ |
| ) | |
| v.      ) | |
| ) | USDC Case No.  1:18-cr-60-1 |
| UNITED STATES OF AMERICA,  ) | |
| ) | Hon. Halil S. Ozerdeen |
| Respondent.      ) | United States District Judge |

## *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW DAMIEN S. PINCKNEY, Movant *pro se,* in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law:

## I. Introduction

Mr. Pinckney asks this Honorable Court to vacate his conviction and sentence on the basis that his guilty plea was the result of gross misadvice, constituting ineffective assistance. Counsel misadvised Mr. Pinckney that by accepting the United States' formal plea offer his sentence exposure would be limited to 5 to 7 years' imprisonment. This grossly under represented Mr. Pinckney's advisory guideline range of imprisonment – which, based on the relevant conduct known to counsel triggered a range of at least 188–235 months' imprisonment, reduced to 120 months' imprisonment as result of the statutory maximum for the count of conviction –, and constituted deficient performance. Mr. Pinckney's plea was unknowing, unintelligent, and involuntary based on counsel's ineffective assistance in providing this misadvice. But for this misadvice, Mr. Pinckney would have persisted in his plea of not guilty and exercised his right to trial by jury. The conviction and sentence resulting from the plea should be vacated and Mr. Pinckney returned to the pre-plea stage of proceedings in the criminal case.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Pinckney so moves this Court on grounds that his sentence was imposed and his conviction obtained as a result of proceedings wherein he was denied the effective assistance of counsel.

## II. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1] *28 U.S.C. §2255* (emphasis added).

[2] *Rule 4(b)* (emphasis added).

[3] *Id.*

and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[4]

---

[4] *28 U.S.C. §2255.*

## IV. Grounds for Relief

A.  <u>Ground One</u>:
    Mr. Pinckney's Plea was not Knowingly, Intelligently and Voluntarily Entered as a Result of Ineffective Assistance of Counsel

### [1]. The Applicable Standard

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, Mr. Pinckney must show that his counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir.2001). In the context of this claim, the prejudice showing requires that Mr. Pinckney "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill*, 474 U.S. at 59 (1985). The Supreme Court recently clarified that this requirement

is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding . . . to which he had a right." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017).

### [2]. Deficient Performance

Counsel was deficient for providing Mr. Pinckney with a gross misrepresentation of the likely sentencing consequences of his plea. Counsel assured Mr. Pinckney that he would receive a sentence of between 5 and 7 years' imprisonment if he accepted the United States' second formal plea offer.[5] This was an obvious gross misrepresentation of the likely sentencing consequences of the plea, based on the reasonably foreseeable guidelines calculations triggered thereunder, and based on circumstances which counsel was aware of, or should have been.

---

[5] *See Exhibit ("EX") #1, Declaration of Damien S. Pinckney, in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255*, ¶ 3 ("Mr. Davis told me that if I accepted the second formal plea offer I would receive a sentence of between 5 and 7 years' imprisonment."); *Id.*, ¶ 5 ("Mr. Davis told me that we still wanted to keep the plea agreement because it was the best deal I could get and I was going to receive a sentence of no more than 5 to 7 years' imprisonment."). [attached to the contemporaneously submitted Motion to Expand the Record].

Specifically, counsel was aware of Mr. Pinckney's relevant criminal conduct – or was deficient for failing to conduct minimally required investigation into the same –, the fact that his advisory guideline range would be calculated based on that relevant conduct, and that he would be sentenced based upon the same. Minimally competent counsel would have recognized that Mr. Pinckney's guideline range would be based on a total offense level of at least 34,[6] corresponding to the relevant conduct set forth in discovery materials available to former counsel.

From counsel's perspective at the time he advised Mr. Pinckney that the plea exposed him to 5 to 7 years' imprisonment, the readily foreseeable consequences of Mr. Pinckney's plea would be a total offense level of 34. At Mr. Pinckney's known criminal history category of III, this triggers an advisory guideline range of imprisonment of 188-235 months' imprisonment, which would be reduced to 120 months' imprisonment due to the statutory maximum for the count of conviction. This range is roughly twice the

---

[6] *See DE #26, p. 42.*

exposure counsel conveyed to Mr. Pinckney.[7] Counsel's gross misrepresentation of the likely sentencing consequences of the plea fell below the minimum level of competence, required of an attorney representing a criminal defendant, and was professionally unreasonable.

Controlling precedent mandates that, where the issue is whether to plead guilty or not, "the attorney has a duty to advise the defendant of the available options and possible consequences" resulting from the decision. *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1980). An attorney must advise his client of the likely sentencing consequences of any formal plea under consideration. *See United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005) ("One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty. An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea. Apprising a defendant about his exposure under the sentencing guidelines is necessarily

---

[7] *EX #1, ¶¶ 3 & 5.*

part of this process."). In the Fifth Circuit, failure to do so constitutes deficient performance within the meaning of the first prong of *Strickland*'s ineffective assistance of counsel test.

### [3]. Prejudice

Absent counsel's misadvice, there is a reasonable probability that Mr. Pinckney would have persisted in his plea of not guilty and proceeded to exercise his right to a trial by jury. Mr. Pinckney only pleaded guilty as a result of counsel's misadvice which convinced him that accepting the plea would limit his sentence exposure to 5 to 7 years' imprisonment.[8] Had counsel provided accurate advice, that based on the readily foreseeable relevant conduct, Mr. Pinckney faced an advisory guidelines range of imprisonment roughly twice as long as the range counsel assured Mr. Pinckney he would receive, Mr. Pinckney would have persisted in his plea of not guilty and proceeded to trial by jury.[9]

---

[8]    *EX #1, ¶¶ 3 & 5.*

[9]    *EX #1, ¶6* ("Had I been accurately advised of the true advisory guideline range of imprisonment I faced based on the plea offer Mr. Davis recommended I accept, I would not have pleaded guilty and would have exercised my right to trial by jury.").

The huge difference between the likely sentence communicated by counsel and the accurate likely sentence arrived at by applying the guidelines to the facts known by, or available to counsel, indicates a reasonable probability that absent counsel's gross misrepresentation of the sentencing consequences of the plea, Mr. Pinckney would have persisted in his plea of not guilty and proceeded to trial by jury.[10] This reality finds additional support in Mr. Pinckney's reluctance to plead guilty without substantial sentencing benefits. Initially, Mr. Pinckney rejected his former counsel's suggestion to accept the United States' first formal plea offer and demonstrated an interest in proceeding to trial.[11] Mr. Pinckney only agreed to a plead guilty as a means to secure substantial sentencing benefits.[12]

---

[10] *See, e.g., United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) ("The fact that there is a great disparity between the actual maximum sentencing exposure under the Sentencing Guidelines and the sentence exposure represented by defendant's attorney provides sufficient objective evidence to establish a reasonable probability that the outcome of the proceedings would differ.").

[11] *EX #1, ¶ 3* ("Mr. Davis advised me to accept a plea because my co-defendant was willing to testify against me if I went to trial. Initially, I refused to accept the first formal plea offer."); *see also, DE #25, pp. 14-15*.

[12] *EX #1, ¶ 4* ("After I reluctantly agreed to accept the plea offer, Mr. Davis told me what to say during the change of plea hearing and warned me not to deviate

11

## V. Prayer for Relief

Mr. Pinckney's plea was entered as a result of ineffective assistance and is therefore neither knowing or voluntary. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Moreover, a conviction obtained by such plea must be reversed. *See, e.g., Hill v. Lockhart*, 474 U.S. 52 (1985). The Supreme Court recently clarified that this requirement is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding ... to which he had a right."*Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

Mr. Pinckney was deprived of rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution in connection with his plea

---

from his instructions as it would result in the court not accepting my plea and/or make the prosecutor mad. Mr. Davis told me if I followed his instructions he would get the prosecutor to give me a minor or minimal participant reduction."); ¶ 5 ("After I pleaded guilty, Mr. Davis told me that he spoke to my co-defendant's lawyer and he said that his client had admitted I had nothing to do with the drug transactions from the beginning. Mr. Davis told me that we still wanted to keep the plea agreement because it was the best deal I could get and I was going to receive a sentence of no more than 5 to 7 years' imprisonment.").

in this case. Mr. Pinckney seeks to vindicate those rights in this Court. Mr. Pinckney has established entitlement to, and respectfully requests vacation of his conviction and sentence.

Respectfully submitted this _14_ day of _July_, 2020.

                                             Mr. Damien S. Pinckney, *Pro Se*
                                             No. 33010-171
                                             FCI Edgefield
                                             P.O. Box 725
                                             Edgefield, SC  29824

## VI. Verification

I, Damien S. Pinckney, verify under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this _14_ day of _July_, 2020.

                                             Mr. Damien S. Pinckney, *Pro Se*
                                             No. 33010-171
                                             FCI Edgefield
                                             P.O. Box 725
                                             Edgefield, SC  29824