UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 1:18-cr-00060-HSO-JCG
    Civil No. 1:20cv283-HSO

DAMIEN S. PINCKNEY

# RESPONSE TO MOTION FOR 28 U.S.C. § 2255 RELIEF

The United States of America (hereafter "the Government") respectfully submits this response in opposition to the motion and memorandum [ECF # 36, 37] of defendant Damien S. Pinckney, *pro se*, for habeas corpus relief, pursuant to Title 28, United States Code, Section 2255.

## BACKGROUND

1. Proving the old adage no good deed goes unturned, Damien Pinckney has filed for relief claiming ineffective assistance of his trial counsel, James Davis. The chronology of events belies the claim. Pinckney was first indicted by the superseding indictment in 1:17cr 00116-HSO-JCG, on November 28, 2017. Pinckney was charged in Count 3 with conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii) and in Count 4 with conspiracy to carry and use a firearm in relation to and possess a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(o). He faced not less than 5 years nor

more than 40 years on Count 3 and not more than 20 years on Count 4. As a result of plea bargaining an information was filed May 2, 2018, charging one-count of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). On May 4, 2018, Pinckney entered a guilty plea to the information.

2.	During his guilty plea, Pinckney admitted he understood the statutory range of punishment for the firearms charge was up to 10 years in prison. Pinckney further acknowledged that no assurances or promises other than those contained in the plea documents presented to the Court had been made by anyone to induce him to enter a guilty plea. Plea Tr. p.14. He further acknowledged that no one forced or threatened him in order to plea guilty and was pleading guilty of his own free will because he was in fact guilty. Plea Tr. p.16. Importantly, Pinckney advised the Court he understood the terms of the plea agreement and plea supplement and that the Court could reject those recommendations without permitting Pinckney to withdraw his guilty plea and impose a sentence more severe than he anticipated. Plea Tr. p.16 lines 15-21. Pinckney agreed with the Court that it could consider any relevant evidence at sentencing. Plea Tr. p.18. Pinckney also understood at the time of plea that the potential penalty was a term of imprisonment of not more than 10 years. Plea Tr. p.20. Pinckney admitted he understood that the sentencing guidelines would be calculated and that the ultimate sentence imposed might be different than any estimate his attorney may have given. Plea Tr. p.23-24. Pinckney acknowledged he understood his right to go to trial along with the rights associated with trial. Plea T. p.25-26.

3. During the plea hearing the Government put into the record its evidence of Pinckney's direct involvement in the drug conspiracy for which he was originally charged. Plea Tr. p.30 (Pinckney wired money to Gulfport) and p.32 (text and instant messages regarding drug trafficking). Pinckney agreed with the facts as stated by the Government during the plea hearing. Plea Tr. p.33.

4. Following the plea a Presentence Investigation Report was prepared by the Probation Office. As described in the presentence report, Pinckney and his codefendant Horace Rutledge were involved in a drug and gun transaction to take place in Gulfport, MS in September 2017. PSR ¶¶ 19-42. Pinckney, through counsel, filed an objection to the PSR regarding the inclusion of "Rutledge's illegal activities as it relates to drug transactions." Pinckney further requested he be given a minor role reduction. *See* Ct.Doc 16, Attachment #2. Pinckney did not include in his objection that he was advised he sentencing range would be only 5 to 7 years.

5. In addition to the information contained in the PSR, U.S. Probation filed an addendum which outlined portions of the evidence that demonstrated Pinckney's involvement with Rutledge in drug trafficking through the messaging and photographs as at least an average participant in the drug trafficking conspiracy. *See* Ct. Doc. 16, Attachment #1. At sentencing as a result of objections filed by the defendant, the lead ATF Agent provided testimony which corroborated Pinckney's drug conspiracy activities and gun possession.

6. Further, as described in the affidavit of James L. Davis, III in response to the instant motion, Pinkney was never advised that he was in the range of 5 to 7 years for

3

his guideline range, but rather that the base offense level would be a 36 or 38. Ct. Doc 42. The affidavit also attached the Government's estimate of Pinckney's guideline range for the gun charge 151-188, well above the statutory maximum for the charge of conviction.

7. Despite having waived appeal, Pinckney appealed his conviction and sentence, which was dismissed on the Government's motion after finding Pinckney's appeal waiver was knowing and voluntary. Just as the appeal waiver was knowing and voluntary, Pinckney's entry of his guilty plea to the information, limiting his sentencing exposure to a 10 year statutory maximum, was knowing and voluntary.

8. In his § 2255 motion, Pinckney contends that attorney Davis erroneously advised him of the consequences of his guilty plea, *see* Ct. Doc # 37. There is no merit to this allegation.

## APPLICABLE LEGAL STANDARDS

9. Pinckney's motion for post-conviction relief challenges his representation stating that had he known the potential sentence he would have gone to trial. Further that he was prejudiced by his attorney's deficient performance. *Hill v. Lockhart*, 474 U.S. 52 (1985) establishes that the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel applies to guilty plea challenges based on ineffective assistance of counsel. In order to satisfy the *Strickland* prejudice requirement, Pinckney must show that there was reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

4

10. "An attorney renders constitutionally ineffective assistance if his performance is deficient and that deficient performance prejudices the defendant." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017). "A § 2255 movant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Id.* "In the context of a guilty plea, a movant shows prejudice by establishing 'that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

**Pinckney Has Not Demonstrated Ineffective Assistance of Counsel**
**Pinckney Was Fully Advised of his Sentencing Exposure and Was Not Prejudiced**

11. During his plea hearing on the information, which charged Pinckney with a § 922(g)(1) offense, Pinkney was advised by the Court that he was subject to a maximum penalty of ten years. *See* Plea Tr. P.20.

16. The plea agreement signed and entered into by Pinckney, also spelled out the statutory penalties, namely, that Pinckney was subject to "**2. Sentence.** Defendant understands that the penalty for the offense charged in the one-Count information, charging a violation of Title 18, United States Code, Section 922(g)(1), is not more than 10 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000."

17. Despite having been repeatedly advised of the statutory penalties, and agreeing with the Court that he could receive a more severe sentence without the ability to withdraw his guilty plea, Pinckney now claims attorney Davis erroneously misadvised him "which convinced him that accepting the plea would limit his exposure to 5 to 7 years of imprisonment." Ct. Doc. 37 P. 10.

18. Not only is Pinckney's statement that he thought he was facing only 5 to 7 years imprisonment contradicted by his counsel, but it is also at odds with what he was told by the court and at odds with the plea agreement which this Court reviewed with the defendant at the time of his guilty plea. Attorney Davis' affidavit demonstrates that he advised Pinckney of his sentencing exposure on the information charge and included the calculation by the Government. *See* Ct. Doc. 42 ¶¶ 3, 5, 7. Attorney Davis insists that at no time did he ever suggest that Pinckney was facing only 5 to 7 years of imprisonment. *Id*. ¶ 7.

19. As in *Crain*, "the written plea agreement correctly advised [the defendant]" of the applicable penalties and, during the guilty plea proceedings, the defendant "affirmed that he had read, reviewed with counsel, and understood this agreement, notwithstanding his conclusional argument to the contrary." *Crain*, 877 F.3d at 647. The Fifth Circuit in *Crain* observed "that '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pled but for his attorney's deficiencies[,]' and that they 'should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Id.* at 649 (quoting *Lee v. United States*, 37 S.Ct. 1958, 1967 (2017)).

20. In the instant case, the contemporaneous evidence does not support Pinckney's current claim that he would have chosen a jury trial on his original indictment. As opposed to the facts in the *Lee* case, here, defense counsel does not support the position that Pinckney expressed a desire to enter a guilty plea only because he was guaranteed a 5 to 7 year sentence. Defense counsel denies Pinckney was told a 5 to 7 year sentencing range at all. The objections to the PSR filed by counsel for Pinckney are consistent with the affidavit filed by Davis and inconsistent with Pinckney's allegation that Davis told him he was guaranteed a 5 to 7 year range. Pinckney did not raise the 5 to 7 year claim at the plea, at his sentencing or on his appeal.

Pinckney was fully advised of his sentencing exposure at the plea hearing and in the plea documents. He should not now be heard to contradict his willingness to plead guilty.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for 28 U.S.C. § 2255 relief should be denied.

Respectfully submitted,

D. MICHAEL HURST, JR.
*United States Attorney for the*
*Southern District of Mississippi*

By: /s/ *Annette Williams*
ANNETTE WILLIAMS
Mississippi Bar Number 96417
*Assistant United States Attorney*
1575 20TH Ave.
Gulfport, Mississippi 39501

Dated: January 12, 2021    Telephone: (228) 563-1560

# CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), and caused to be served by U.S. Mail the foregoing to:

>Damien S. Pinckney, *pro se*
>Reg. No. 33010-171
>USP Atlanta
>P.O. Box 150160
>Atlanta, GA  30315

This the 12th day of January 2021

/s/ *Annette Williams*
ANNETTE WILLIAMS
Assistant United States Attorney