IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAMIEN S. PINCKNEY

v.                                         Civil No. 1:20cv283-HSO
                                           Criminal No. 1:18cr60-HSO-JCG-1

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAMIEN S. PINCKNEY'S MOTION [36] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255, AND DENYING AS MOOT DEFENDANT'S MOTION [38] TO EXPAND THE RECORD**

BEFORE THE COURT are the Motion [36] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and the Motion [38] to Expand the Record filed by Defendant Damien S. Pinckney ("Defendant" or "Pinckney"). After due consideration of the Motions, related pleadings, the record, and relevant legal authority, the Court is of the opinion that it plainly appears from the § 2255 Motion and the record of prior proceedings that Pinckney is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without an evidentiary hearing. Pinckney's Motion [38] to Expand the Record is rendered moot.

I.     FACTS AND PROCEDURAL HISTORY

A.     Pinckney's guilty plea

On November 28, 2017, a Grand Jury returned a four-count Superseding Indictment against Pinckney and a co-defendant in criminal case 1:17cr116-HSO-

JCG.[1]   Specifically, Pinckney was charged in Count 3 with conspiracy to possess with intent to distribute a controlled substance involving 500 grams or more of cocaine, and in Count 4 with conspiracy to carry and use a firearm during and in relation to, and to possess a firearm in furtherance of, a drug trafficking crime. *See United States v. Pinckney*, 1:17cr116-HSO-JCG-2, Superseding Indictment [24] (S.D. Miss. Nov. 28, 2017).   Pinckney faced a statutory term of imprisonment of at least 5 years and not more than 40 years as to Count 3, *see* 21 U.S.C. § 841(b)(1)(B), while the maximum term of imprisonment as to Count 4 was not more than 20 years, *see* 18 U.S.C. § 924(o).

On May 2, 2018, the United States Attorney filed a single-count Information [1] in this case charging that Pinckney, having been previously convicted of a felony, did knowingly possess a firearm in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   *See* Info. [1] at 1.   Pinckney entered a guilty plea to the Information pursuant to a written Plea Agreement [8] and Plea Supplement [9] (filed under seal) with the Government.   The Plea Supplement provided in relevant part that in exchange for Pinckney's plea to the one-count Information, the United States Attorney would move to dismiss the charges against Pinckney in the Superseding Indictment in criminal case number 1:17cr116-HSO-JCG.   *See* Plea Suppl. [9] at 1 (filed under seal).

---

[1] Pinckney had not been charged in the original Indictment.

In signing the Plea Agreement, Pinckney plainly stated that he understood that "the penalty for the offense charged in the one-Count information, charging a violation of Title 18, United States Code, Section 922(g)(1), is not more than 10 years in prison . . . ." Plea Agreement [8] at 1. Pinckney also averred that he understood that the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") were

> advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.* at 2.

At Pinckney's change-of-plea hearing held on May 8, 2018, the Court advised him that the maximum penalty to which he would be exposed by pleading guilty to Count 1 of the Information included a term of imprisonment of not more than ten years, and Pinckney confirmed under oath that he understood that this was the maximum penalty to which he would be exposed. *See* Tr. [25] at 20. The Court also confirmed that Pinckney understood that "the sentence ultimately imposed by the Court may be different from any estimate that [his] attorney may have given [him.]" *Id.* at 23-24. The Court inquired of Pinckney if he understood that it could depart upward or downward from the advisory Guidelines sentencing range

and could, in its discretion, "sentence [him] up to the maximum prison sentence provided by statute, which in this case is ten years?" *Id.* at 24. Under oath, Pinckney responded, "[y]es, sir." *Id.* Based in part upon this portion of the plea colloquy, the Court accepted Pinckney's plea, finding that he had knowingly and voluntarily pleaded guilty to Count 1 of the Information. *See id.* at 34.

B.  Pinckney's sentencing

In preparation for sentencing, the United States Probation Office (the "Probation Office") prepared a Presentence Investigation Report ("PSR"). After a 3-level reduction for acceptance of responsibility, the PSR calculated Pinckney's total offense level under the Guidelines as 31. *See* PSR [16] at 13-14 (filed under seal). Based upon a criminal history category of III, Pinckney's Guidelines imprisonment range was calculated at 135 to 168 months, above the statutory maximum sentence of 120 months. *See id.* at 16, 18 (filed under seal). Thus, the Guidelines term of imprisonment was 120 months. *See id.* at 18.

Pinckney's attorney submitted objections to the PSR, in which he argued that Pinckney's total offense level should be 23 and his Guidelines imprisonment range should be 57 to 71 months. Objs. [16-2] at 2 (filed under seal). In its Addendum to the PSR in response to these objections, the Probation Office maintained that the information contained in the PSR was correct, that Pinckney's objections should be overruled, and that the PSR should not be changed. *See* Addendum [16-1] at 1-3 (filed under seal).

4

At the sentencing hearing held on August 21, 2018, the Court heard testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and the arguments of counsel, and overruled Pinckney's objections. *See* Tr. [26] at 5-39. In addition, the Court concluded that under the circumstances Pinckney should not receive acceptance of responsibility, such that his total offense level was a 34, with a criminal history category of III, resulting in a Guidelines imprisonment range of 188 to 235 months. *See id.* at 40-42. Because of the statutory cap, Pinckney's Guidelines imprisonment range nevertheless remained at 120 months. *See id.* at 42. Accordingly, Pinckney was sentenced to a term of imprisonment of 120 months, followed by a term of supervised release of 3 years. *See id.* at 54-55; J. [19] at 2-3.

Despite waiving his right to appeal in the Plea Agreement [8], Pinckney filed a direct appeal and raised arguments related to the Court's calculation of his Guidelines range. *See United States v. Pinckney*, 774 F. App'x 210, 210 (5th Cir. 2019).[2] The Government moved to dismiss the appeal based upon Pinckney's waiver in the Plea Agreement of the right to appeal the conviction and sentence or the manner in which the sentence was imposed. *See id.* The United States Court of Appeals for the Fifth Circuit determined that Pinckney's appeal waiver was knowingly and voluntarily made and that the waiver language clearly applied to Pinckney's argument, and dismissed the appeal. *See id.* at 210-11.

---

[2] Pinckney was represented by different counsel on appeal. *See* Order [30] (substituting counsel).

C.  Pinckney's § 2255 Motion

Pinckney has filed a timely Motion [36] pursuant to 28 U.S.C. § 2255, along with a Memorandum [37] in Support, asking the Court to vacate his conviction and sentence. *See* Mot. [36] at 12. Pinckney asserts that his guilty plea was not entered into knowingly, intelligently, and voluntarily due to ineffective assistance of counsel. *See id.* at 4. According to Pinckney, his attorney "misadvised" him that "by accepting the United States' formal plea offer his sentence exposure would be limited to 5 to 7 years' imprisonment," which "grossly under represented" his Guidelines imprisonment range. Mem. [37] at 2. Pinckney claims that, but for this erroneous information concerning his sentencing exposure, he "would have persisted in his plea of not guilty and exercised his right to trial by jury." *Id.* He maintains that because his attorney's actions in not apprising him correctly concerning his exposure fell below an objective standard of reasonableness, his conviction and sentence should be vacated. *See id.* at 6-13.

Pinckney's former counsel has filed an Affidavit [42] averring that he "***never assured*** Mr. Damian Pinckney that he would receive a sentence between 5 to 7 years in prison if he accepted the United States['] second plea offer." Aff. [42] at 1 (emphasis in original). Counsel opines that "Pinckney should not want to set aside this plea because the Government could then try him for the indictment against him and his exposure is far greater than 120 months." *Id.* at 2.

The Government opposes Pinckney's § 2255 Motion and argues that he has not demonstrated ineffective assistance of counsel because he was fully advised of

6

his sentencing exposure. *See* Resp. [46] at 5-6. The Government relies upon the statement in the Plea Agreement concerning the maximum penalty of 10 years for Count 1 of the Information and the Court's admonition to Pinckney during the change-of-plea hearing that he was subject to a maximum penalty of 10 years. *See id.* The Government also points out that Pinckney did not raise this claim at the plea, at his sentencing, or on his direct appeal, and that all contemporaneous evidence is consistent with counsel's Affidavit that Pinckney was never advised of a potential sentence of 5 to 7 years. *See id.* at 7.

## II. DISCUSSION

### A. Pinckney's § 2255 Motion

#### 1. Relevant legal standards

A prisoner may move to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255 on any one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Upon a finding that any one of these four grounds for relief are present, a court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule,

7

cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To demonstrate ineffective assistance of counsel, Pinckney must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *see also United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).

"For the deficiency prong, counsel's performance is to be accorded 'a heavy measure of deference.'" *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). According to the Fifth Circuit, "[c]ounsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance." *United States v. Bernard*, 762 F.3d 467, 471 (5th Cir. 2014) (citing *Strickland*, 466 U.S. at 690).

To demonstrate prejudice, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

> This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case."

*Id*. at 111-12 (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id*. at 112. The Supreme Court has defined a reasonable probability as a "probability sufficient to

8

undermine confidence in the outcome." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a defendant must show that there is a reasonable probability that he "would not have pleaded guilty and would have insisted on going to trial." *Valdez*, 973 F.3d at 402-03 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

2. <u>Pinckney's ineffective assistance claim</u>

Pinckney's claim of ineffective assistance rests upon his former counsel's alleged estimate of Pinckney's sentencing exposure. The Court finds that, even if counsel's representation fell below an objective standard of reasonableness in this regard, Pinckney has not demonstrated prejudice.

In order to demonstrate prejudice, Pinckney must show a reasonable probability that, had counsel advised of the proper sentencing exposure, he would not have pleaded guilty and would have insisted on going to trial. *See Valdez*, 973 F.3d at 402-03. According to Pinckney, the difference in sentencing exposure was 5 to 7 years of imprisonment, versus 120 months or 10 years of imprisonment. *See* Mem. [37] at 2. Even if these *post hoc* assertions were true, Pinckney would not and could not have proceeded to trial on the Information, which was only filed as part of the plea bargain his counsel negotiated. A choice to proceed to trial would have resulted in a trial on the Superseding Indictment, not the Information. Pinckney then would have faced potential sentences of 5 to 40 years on Count 3, *see* 21 U.S.C. § 841(b)(1)(B), and not more than 20 years on Count 4, *see* 18 U.S.C. § 924(o), with the potential for such sentences to run consecutively. There would

9

have been no 10-year cap on his Guidelines imprisonment range, which far exceeded 10 years.

The United States Supreme Court has cautioned that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). In this case, the only reason Pinckney was facing a maximum of 10 years of imprisonment, rather than a much lengthier sentence, was because of the statutory cap on the sentence for the charge in the Information. As the Court has stated, for the conspiracy charged in Count 3 of the Superseding Indictment, Pinckney faced a statutory term of imprisonment of between 5 and 40 years, *see* 21 U.S.C. § 841(b)(1)(B), while the maximum term of imprisonment as to Count 4 was not more than 20 years, *see* 18 U.S.C. § 924(o).

The Government only moved to dismiss those charges after Pinckney was sentenced on the Information. Absent his guilty plea, Pinckney's sentencing exposure would not have been capped at 10 years and would have greatly increased, making the consequences of a conviction at trial dire. *See, e.g., Lee*, 137 S. Ct. at 1966 (finding that, in addition to the likelihood of success at trial, "[t]he decision whether to plead guilty also involves assessing the respective consequences of a conviction after trial and by plea."). Even considering the single charge in the Information, Pinckney's Guidelines imprisonment range was 188 to 235 months, which was significantly higher than the 120-month sentence he received. *See* Tr.

10

[26] at 40-42.[3]

Moreover, the record is beyond dispute that, regardless of what his counsel allegedly instructed him to say, Pinckney was properly advised by the Court of his sentencing exposure on more than one occasion at the change-of-plea hearing, namely that the sentencing Guidelines were merely advisory, that the sentence imposed could be different from any estimate his attorney had given him, and that the Court could sentence him to the maximum term of imprisonment of 10 years. *See* Tr. [25] at 20, 23-24. Pinckney acknowledged under oath and by signing the Plea Agreement that he understood these things. Pinckney has not demonstrated that his counsel's purported ineffective assistance was prejudicial, as he has not shown that, had counsel informed him that he was potentially facing 10 years of imprisonment, he would not have pleaded guilty and would have insisted on going to trial. *See Valdez*, 973 F.3d at 402-03.

The record is clear that, before Pinckney pled guilty, he understood and agreed that he was facing a potential sentence of up to 10 years on the one-count Information. This conclusion is buttressed by the fact on his direct appeal the Fifth

---

[3] Not that it is dispositive of Pinckney's § 2255 Motion, but the Court notes that the 10-year cap Pinckney faced by pleading to the one-count Information is not much greater than the maximum seven-year sentence Pinckney alleges that he believed he was facing, particularly when compared with a potential sentence of up to 60 years total on the charges in the Superseding Indictment. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(o). The Court does not make this observation to comment on any prejudice between serving seven years versus 10 years, as the Court understands that "any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (quotation omitted). But this observation highlights the extraordinariness of Pinckney's *post hoc* assertions that he would have proceeded to trial on the Superseding Indictment.

11

Circuit concluded that Pinckney knowingly and voluntarily entered into the waivers in the Plea Agreement. *See United States v. Pinckney*, 774 F. App'x 210 (5th Cir. 2019). That Plea Agreement, which Pinckney personally signed, specifically stated that Pinckney "understands that the penalty for the offense charged in the one-Count information, charging a violation of Title 18, United States Code, Section 922(g)(1), is not more than 10 years in prison . . . ." Plea Agreement [8] at 1. Pinckney also stated in the Plea Agreement that he

> specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.* at 2.

It is also noteworthy that Pinckney never raised any issue regarding what counsel told him concerning his sentencing exposure at his plea hearing, before or during his sentencing, or on his direct appeal, even where he was represented by new counsel. *See* Tr. [25]; Tr. [26]; Brief for Appellant at 2, *United States v. Pinckney*, 774 F. App'x 210 (5th Cir. 2019) (No. 18-60607), 2019 WL 646871, at *2. The record is entirely devoid of any contemporaneous evidence to substantiate Pinckney's *post hoc* assertions that he would not have pleaded guilty absent his former counsel's alleged representations concerning the Guidelines range. *But see Lee*, 137 S. Ct. at 1967. This is insufficient to carry Pinckney's burden.

In sum, Pinckney has not demonstrated that his former counsel's purported ineffective assistance, if any, was prejudicial. *See Strickland*, 466 U.S. at 687-88.

Pinckney's § 2255 Motion should be denied without an evidentiary hearing.

B.  Pinckney's Motion [38] to Expand the Record

Pinckney has also filed a Motion [38] to Expand the Record, asking the Court to consider the Declaration [38-1] attached in support of his § 2255 Motion pursuant to Rule 7 of the Section 2255 Rules. *See* Mot. [38]. Under Rule 7(a), if a § 2255 motion is not dismissed, a court may direct the parties to expand the record by submitting additional materials. *See* Rule 7(a) of the Section 2255 Rules. "Affidavits also may be submitted and considered as part of the record." *Id*. at 7(b).

The proposed Declaration [38-1] repeats many of Pinckney's allegations concerning his former counsel's representations about his sentencing exposure, which he also included in his § 2255 Motion [36] and Memorandum [37]. The Court finds that, even considering all of these allegations, Pinckney cannot show prejudice, such that his § 2255 Motion should be denied. The Court has sufficient facts before it to make an informed decision on the merits of Pinckney's claim without an evidentiary hearing, and the proposed Declaration would not change the result. Pinckney's request to expand the record is moot.

III.  CONCLUSION

Because the Motion, files, and records conclusively show that Pinckney is entitled to no relief, the Court finds that Pinckney's Motion [36] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing. Pinckney's Motion [38] to Expand the Record should be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Damien S. Pinckney's Motion [36] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Damien S. Pinckney's Motion [38] to Expand the Record is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE